Filing # 145508272 E-Filed 03/10/2022 10:57:52 PM

IN THE CIRCUIT COURT OF THE
FOURTH JUDICIAL CIRCUIT, IN
AND FOR DUVAL COUNTY, FLORIDA

EDWARD MCGRIFF, JOHNATHAN
WILLIAMS, AND CORNELIUS AMOS,

    Plaintiffs,

CASE NO.   22-CA
FLA BAR NO. 0739685

vs.

SOUTHEASTERN GROCERS, INC.,

    Defendant.
_____/

## COMPLAINT

Plaintiffs, EDWARD MCGRIFF, JOHNATHAN WILLIAMS, and CORNELIUS AMOS, hereby sues Defendant, SOUTHEASTERN GROCERS, INC., and says:

### NATURE OF THE ACTION

1. This is an action brought under 42 U.S.C. §2000e et seq., as well as Chapter 760, Florida Statutes, 42 U.S.C 1981, and the Age Discrimination in Employment Act.

2. This is an action involving claims which are, individually, in excess of Thirty Thousand Dollars ($30,000.00), exclusive of costs and interest.

### THE PARTIES

3. At all times pertinent hereto, Plaintiffs, EDWARD MCGRIFF, JOHNATHAN WILLIAMS, and CORNELIUS AMOS, has been residents of the State of Florida and were employed by Defendant. Plaintiffs are members of a protected class due to their race (Black), age (over 40), and retaliation as to MCGRIFF, who voiced opposition to unlawful employment practices and was retaliated against thereafter.

**EXHIBIT A**

4.      At all times pertinent hereto, Defendant, SOUTHEASTERN GROCERS, INC., has been organized and existing under the laws of the State of Florida and/or operating within the state. At all times pertinent to this action, Defendant has been an "employer" as that term is used under the applicable laws identified above.

5.      Plaintiffs have satisfied all conditions precedent to bringing this action in that Plaintiffs dual-filed a charge of discrimination with the Florida Commission on Human Relations. This action is timely brought thereafter. Plaintiff also filed an administrative charge of discrimination with the EEOC. They are eligible to receive, or have received, their Right to Sue letters.

## STATEMENT OF THE ULTIMATE FACTS

6.      All three Plaintiffs were employed by Defendant. During the course of their extended employment, all three were subjected to discrimination based on their race, Black, and age. Plaintiff McGriff was subjected to retaliation for speaking out against unlawful employment practices

7.      Plaintiff McGriff was employed by Defendant for over 33 years as a warehouse associate and, without warning or justification, was abruptly terminated on June 3, 2020. In the month of January 2020, employees were asked to complete a company survey. The survey consisted of questions regarding work environment conditions and management. Employees were then individually called into the office to discuss the issues addressed in the survey and it was obvious that the company knew who provided what information on the surveys because, in these meetings, employee evaluations and work environments, the same issues on the surveys, were discussed. There was no discussion of any company downsizing or restructuring of departments. It was clear that Plaintiff had been called in so that he could be made aware that the managers were

**EXHIBIT A**

keenly aware that he had made complaints in the survey. Further, Plaintiff included in his answers on the survey that he believed there was a difference in the way in which African-American employees were treated worse than Caucasian employees. On May 28, 2020, Plaintiff McGriff met with Daniel Roach, manager, and Chris Brooks, supervisor, to discuss Plaintiff McGriff's performance. McGriff was advised that he was labeled in the company in a negative way, even though he had never received any warning, written or verbal, that there had been any complaints about him on the job at all. When Plaintiff McGriff asked how this label was put on him, he was told not to worry about it and was told to leave the office, but was given an evaluation rating of "poor." During the meeting, Mr. Roach displayed a highly offensive attitude toward Plaintiff McGriff, and while interrogating him, ironically reminded Plaintiff McGriff that the company's motto was REAL, which meant Real Empathetic Accountability Liability. Plaintiff was struck by the sarcastic comment, because Mr. Roach's attitude toward Plaintiff at that moment was highly offensive and degrading. On June 3, 2020, without warning or reason, Plaintiff McGriff was called into office and informed that he was being terminated. Even though the reason for his termination was that the company was downsizing, the ages and races of those who remained with the company after Plaintiff McGriff was terminated, as it relates to positions the same or similar as Plaintiff McGriff, were upon information and belief as follows: for African Americans ages 30, 33, 37, 40, and 59-African American employees ages 22 through 58. The employee who is 58 remained employed and is Caucasian. Out of the 13 individuals employed in the warehouse, only three were chosen for termination. Those three were all African-American and all over the age of 40.

8. Plaintiff Williams, after 22 years of service with the Defendant, with no written warnings or indications at all that his performance was not meeting all expectations, was told that

**EXHIBIT A**

he was being terminated "as part of the company reducing its workforce." There were several other individuals, all of a different race and/or age than Plaintiff Williams, who were with the company for a substantially shorter period of time who were not terminated. There were also differences in the way Black employees were treated than non-Black employees. Examples of this difference in behavior include but are not limited to the following: Caucasian employees received the same compensation as Plaintiff Williams, but were with the company for far less time than he was. Further, Caucasian employees received additional assistance in learning the new computer system; were given more freedom to move about in the workplace where African-American employees were more carefully watched and controlled; and the non--Black employees were held to different attendance standards than the Black employees.

9. Plaintiff Amos alleges that he and other Black employees were routinely treated differently than Caucasian employees by including, but not limited to, the fact that Black employees were passed over for training opportunities, limiting them to duties that required heavy lifting and sorting. Chris Brooks, Manager, did not believe that Black employees were stable or knowledgeable enough to be trained adequately, as can be demonstrated at least in part by his giving other, non-Black employees, with less years of experience, opportunities that Black employees would not be given even though the Black employees had more experience. Also, Black employees were given more to many jobs without a corresponding raise in pay. Non-Black employees were given more flexible lunch periods. Black employees were not provided cross-training, whereas non-black employees were provided crosstraining also referred to as "job versatility." Further, non-Black employees were given more desirable schedules. Non-Black employees were not as strictly disciplined as black employees. Finally, Plaintiff Amos and two

4

other Black employees who had seniority over many of the other employees who were not Black in the warehouse were told they were being terminated as part of a reduction in the workforce. The ages and races of those individuals who were allowed to remain employed, or who were terminated, are identified elsewhere herein.

## COUNT I

## RACE DISCRIMINATION

10. Paragraphs 1-9 are realleged and incorporated herein by reference.

11. This is an action against Defendant for discrimination based upon race brought under 42 U.S.C. §2000e et seq. and Chapter 760, Florida Statutes, as well as 42 U.S.C. 1981.

12. Plaintiffs have been the victim of discrimination on the basis of Plaintiffs' race in that Plaintiffs were treated differently than similarly situated non-black employees of Defendant and were subject to hostility and poor treatment on the basis, at least in part, of Plaintiffs' race.

13. Defendant is liable for the differential treatment and hostility towards Plaintiffs because it controlled the actions and inactions of the persons making decisions affecting Plaintiffs or it knew or should have known of these actions and inactions and failed to take prompt and adequate remedial action or took no action at all to prevent the abuses to Plaintiffs. Furthermore, Defendant knowingly condoned and ratified the differential treatment of Plaintiffs as more fully set forth above because it allowed the differential treatment and participated in same. Defendant's known allowance and ratification of these actions and inactions actions created, perpetuated and facilitated an abusive and offensive work environment within the meaning of the statutes referenced above.

**EXHIBIT A**

14. In essence, the actions of agents of Defendant, which were each condoned and ratified by Defendant, were of a race-based nature and in violation of the laws set forth herein.

15. The discrimination complained of herein affected a term, condition, or privilege of Plaintiffs' continued employment with Defendant. The events set forth herein lead, at least in part, to adverse employment action being taken against Plaintiffs.

16. Defendant's conduct and omissions constitutes intentional discrimination and unlawful employment practices based upon race in violation of 42 U.S.C. §2000e et seq. and Chapter 760, Florida Statutes, as well as 42 U.S.C. 1981.

17. As a direct and proximate result of Defendant's conduct described above, Plaintiffs have suffered emotional distress, mental pain and suffering, past and future pecuniary losses, inconvenience, mental anguish, loss of enjoyment of life and other non-pecuniary losses, along with lost back and front pay, interest on pay, bonuses, and other benefits.

## COUNT II

## AGE DISCRIMINATION

18. Paragraphs 1-9 are realleged and incorporated herein by reference.

19. This is an action against Defendant for discrimination based upon age origin brought under Chapter 760, Florida Statutes, and the ADEA.

20. Plaintiffs were the victim of discrimination on the basis of Plaintiffs' age in that Plaintiffs were treated differently than similarly situated employees of Defendant who are younger than Plaintiffs and has been subject to hostility and poor treatment on the basis, at least in part, of Plaintiffs' age.

**EXHIBIT A**

21. Defendant is liable for the differential treatment and hostility towards Plaintiffs because it controlled the actions and inactions of the persons making decisions affecting Plaintiffs or it knew or should have known of these actions and inactions and failed to take prompt and adequate remedial action or took no action at all to prevent the abuses to Plaintiffs.  Furthermore, Defendant knowingly condoned and ratified the differential treatment of Plaintiffs as more fully set forth above because it allowed the differential treatment and participated in same.  Defendant's known allowance and ratification of these actions and inactions actions created, perpetuated and facilitated an abusive and offensive work environment within the meaning of the statutes referenced above.

22. In essence, the actions of agents of Defendant, which were each condoned and ratified by Defendant, were of a age-based nature and in violation of the laws set forth herein.

23. The discrimination complained of herein affected a term, condition, or privilege of Plaintiffs' continued employment with Defendant.  The events set forth herein lead, at least in part, to Plaintiffs' termination on contrived allegations.

24. Defendant's conduct and omissions constitutes intentional discrimination and unlawful employment practices based upon national origin in violation of Chapter 760, Florida Statutes, and 42 U.S.C. §2000e et seq., as well as 42 U.S.C. 1981.

25. As a direct and proximate result of Defendant's conduct described above, Plaintiff has suffered emotional distress, mental pain and suffering, past and future pecuniary losses, inconvenience, mental anguish, loss of enjoyment of life and other non-pecuniary losses, along with lost back and front pay, interest on pay, bonuses, and other benefits.

**EXHIBIT A**

## COUNT III

### RETALIATION – PLAINTIFF MCGRIFF ONLY

26. Paragraphs 1-9 are hereby realleged and reincorporated as if set forth in full herein.

27. Defendant is an employer as that term is used under the applicable statutes referenced above.

28. The foregoing allegations establish a cause of action for unlawful retaliation after Plaintiff reported unlawful employment practices adversely affecting Plaintiff under 42 U.S.C § 2000e *et seq.*, and Chapter 760, Florida Statutes, as well as 42 U.S.C. 1981.

29. The foregoing unlawful actions by Defendant were purposeful.

30. Plaintiff voiced opposition to unlawful employment practices during Plaintiff's employment with Defendant and was the victim of retaliation thereafter, as related in part above.

31. Plaintiff is a member of a protected class because Plaintiff reported unlawful employment practices and was the victim of retaliation thereafter.  There is thus a causal connection between the reporting of the unlawful employment practices and the adverse employment action taken thereafter.

32. As a direct and proximate result of the foregoing unlawful acts and omissions, Plaintiff has suffered mental anguish, emotional distress, expense, loss of benefits, embarrassment, humiliation, damage to reputation, illness, lost wages, loss of capacity for the enjoyment of life, and other tangible and intangible damages.   These damages are continuing and are permanent.

### PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays for the following relief:

**EXHIBIT A**

      (a)    that process issue and this Court take jurisdiction over this case;

      (b)    that this Court grant all legal and equitable relief against Defendant under the applicable counts set forth above, mandating Defendant's obedience to the laws enumerated herein and providing other equitable relief to Plaintiffs;

      (c)    enter judgment against Defendant and for Plaintiff awarding damages to Plaintiff from Defendant for Defendant's violations of law enumerated herein;

      (d)    enter judgment against Defendant and for Plaintiffs permanently enjoining Defendant from future violations of federal law enumerated herein;

      (e)    enter judgment against Defendant and for Plaintiffs awarding Plaintiffs attorney's fees and costs; and

      (f)    grant such other further relief as being just and proper under the circumstances

**DEMAND FOR TRIAL BY JURY**

Plaintiff hereby demands a trial by jury on all issues set forth herein which are so triable.

Dated this 10th day of March, 2022.

                  Respectfully submitted,

<u>Marie A. Mattox, P.A.</u>
Marie A. Mattox [FBN 0739685]
MARIE A. MATTOX, P. A.
310 East Bradford Road
Tallahassee, FL 32303
Telephone: (850) 383-4800
Facsimile: (850) 383-4801
ATTORNEYS FOR PLAINTIFF

**EXHIBIT A**